1  RENATA B. HESSE, State Bar No. 148425
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1700 K Street, NW
3  Washington, D.C. 10006-3817
   Telephone: (202) 973-8800
4  Facsimile: (202) 973-8899
5  Email: RHesse@wsgr.com

6  LISA A. DAVIS, State Bar No. 179854
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   650 Page Mill Road
8  Palo Alto, CA 94304-1050
9  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
10 Email: LDavis@wsgr.com

11 Attorneys for Defendant
12 TRANSITIONS OPTICAL, INC.

13                    UNITED STATES DISTRICT COURT
14                    NORTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| JOHN DONOHOE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSITIONS OPTICAL, INC.,<br><br>Defendant. | CASE NO.: 1:10-cv-01984-RS<br><br>JURY TRIAL DEMANDED<br><br>STIPULATION AND [PROPOSED] ORDER RE EXTENSION OF TIME FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO CIV. L.R. 6-1(a) |

Pursuant to Civil L.R. 6-1(a), plaintiff John Donohoe ("Plaintiff") and defendant Transitions Optical, Inc. ("TOI"), hereby stipulate:

WHEREAS, on or about May 7, 2010, Plaintiff filed the complaint in this action, which alleges violations of California antitrust and unfair competition law;

WHEREAS, Plaintiff styled the action as a proposed class action;

-1-
STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

1     WHEREAS, as of the date of this stipulation, numerous other plaintiffs have filed complaints in other federal courts, including: *First Image Optical v. Transitions Optical Inc., et al.*, 10-cv-01032-RAL-TGW (M.D. Fla.); *B & B Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-00984-JDW-EAJ (M.D. Fla.); *Railway Optical, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-01004-JDW-TGW (M.D. Fla.); *Arthur L. Cartier Optics v. Transitions Optical, Inc., et al.*, 2:10-cv-00694-MJP (W.D. Wa.); *Nouveau Vision v. Transitions Optical Inc., et al.*, 10-cv-00547-JCC (W.D. Wa.); *Pennachio & Fishman v. Transitions Optical Inc., et al.*, 10-cv-00730-BAT (W.D. Wa.); *Point of View v. Transitions Optical Inc., et al.*, 10-cv-00761-JLR (W.D. Wa.); *See-Mor Optical of Hewlett, Inc. v. Transitions Optical Inc., et al.*, 10-cv-21289-DLG (S.D. Fla.); *Gary Steven Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-21518 (S.D. Fla.); *Sickbert Family Eye Care, LLC v. Transitions Optical Inc., et al.*, 10-cv-00881-F (N.D. Tex.); and *Carmel Mountain Vision Care v. Transitions Optical, Inc. et al.*, 10-cv-00835-RJL (D.D.C.);

    WHEREAS, as of the date of this stipulation, other plaintiffs have filed complaints in state courts, which have subsequently been removed to federal courts, including: *Gable v. Transitions Optical Inc., et al.*, 10-cv-00487-JVS-AN (C.D. Cal.); and *Sabani v. Transitions Optical Inc., et al.*, 10-cv-00332 (E.D. Wis.);

    WHEREAS, each of these complaints alleges federal or state antitrust actions as against Defendant TOI and in many instances, Essilor International SA, Essilor of America, Inc. and Essilor Laboratories of America, Inc., and are styled as proposed class actions (collectively, the "Related Actions");

    WHEREAS, currently pending before the United States Judicial Panel on Multidistrict Litigation ("JPML") are motions filed pursuant to 28 U.S.C. § 1407 for transfer and coordination or consolidation of all related civil actions, including this action and the Related Actions, for pretrial proceedings regarding alleged antitrust violations in the claimed market for the development, manufacture and sale of photochromic treatments for corrective ophthalmic lenses;

    WHEREAS, the Court in one of the Related Actions, *B & B Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-00984-JDW-EAJ (M.D. Fla.), has approved an extension of time for

defendants in that action to respond to the complaint and stayed other pretrial deadlines and discovery pending the disposition of the motions pending before the JPML;

WHEREAS, in light of the proceedings before the JPML, the potential for additional complaints in this and other various jurisdictions, and the complex nature of Plaintiff's allegations, Plaintiff and Defendant, by and through their undersigned counsel, stipulate to the following Order:

(1) Defendant's time to answer, move or otherwise respond to the Complaint is hereby extended until disposition of the JPML proceeding as provided below.

    (a) If the JPML transfers this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, Defendant shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the complaint in the above captioned action (the "Complaint") within 45 days after either: (i) the plaintiffs in the consolidated or coordinated actions serve consolidated amended complaints, or (ii) the plaintiffs in the consolidated or coordinated actions serve notice that they will not file consolidated amended complaints.

    (b) If the JPML denies the motions to transfer this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings, Defendant shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the Complaint within 45 days after service of the JPML ruling.

In either event, if Defendant files any motions pursuant to Rule 12, Plaintiff shall respond to any such motions within 60 days. Defendant shall file its replies, if any, within 45 days of the date when Plaintiff's response is due.

(2) Neither Plaintiff nor Defendant shall serve discovery requests or seek a case scheduling conference or order in this matter until disposition of the JPML proceeding. If a plaintiff in any of the Related Actions serves a discovery request or seeks a case scheduling conference or order, or a court in any of the Related Actions orders an answer or responsive pleading or issues a discovery-related order prior to disposition of the JPML proceeding, Defendant shall move to set aside such requests or orders, and Plaintiff shall not oppose any such

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

motions.  Notwithstanding the above, if Defendant files an answer or other responsive pleading in any of the Related Actions before the date required by this stipulation, or responds to any discovery, Defendant will concurrently file its answer or responsive pleading, or produce the same discovery, in this matter.  Any discovery production will be subject to a protective order to be negotiated by the parties.

(3)  Plaintiff and Defendant further stipulate and agree that the entry into this stipulation by Defendant shall not constitute a waiver of any jurisdictional defenses, other than personal jurisdiction, that may be available under Rule 12 of the Federal Rules of Civil Procedure, a waiver of any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other statutory or common law defenses that may be available to Defendant in this and the other Related Actions.  Defendant expressly reserves its rights to raise any such defenses in response to either the current Complaint or any amended complaint that may be filed relating to this action.

(4)  Defendant agrees that they have been served or have agreed to waive service with respect to this action.

(5)  All parties agree that they will preserve documents and other materials relevant to this action and the Related Actions, or otherwise discoverable in this action.

In accord with Civil L.R. 6-1(a), this change will not alter the date of any event or any deadline already fixed by Court Order.  Other than the Case Management Conference set for August 26, 2010, the parties are unaware of any other pending deadlines or events fixed by Court Order in this case.

Dated: May 21, 2010          **WILSON SONSINI GOODRICH & ROSATI**
                             **A Professional Corporation**

                             By: /s/  Lisa A. Davis
                                      Lisa A. Davis

                             Attorneys for Transitions Optical, Inc.

| | | |
|---|---|---|
| 1 | Dated: May 21, 2010 | **GLANCY BINKOW & GOLDBERG LLP** |
| 2 | | By: /s/ Susan G. Kupfer |
| 3 | | Susan G. Kupfer |
| 4 | | Attorneys for Plaintiff and the Proposed Class John Donohoe |

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

**~~PROPOSED~~ ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. Defendant's time to file its response to Plaintiff's Complaint is hereby extended in accordance with the Stipulation re Extension of Time for Defendant to Answer, Move or Otherwise Respond to Plaintiff's Complaint Pursuant to CIV. L.R. 6-1(a).

Dated: May 26, 2010

By: _____
The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE